MILTON T. WARREN *et al.*

*v.*

PLOWDEN H. BALL *et al.*

1. PARTNERSHIP—*dormant partner.* Where a person permits his name to appear as member of a partnership, or where, his name not appearing, he is nevertheless known as a partner, he continues liable, after his retirement, for debts to persons who have no notice of such retirement, and who have known him as a partner.

2. SAME. But notice of the retirement of a dormant partner is not necessary in order to protect him from liability, in subsequent transactions, with persons who have had no knowledge of his connection with the firm.

3. PLEADING—*partnership.* Where three persons were sued as partners on an instrument executed in the partnership name, and one of them filed a plea denying the partnership at the date of the note, to which the plaintiffs replied

that the defendants were partners prior to the making of the note, and that they received it from one of the defendants without notice of the dissolution. *Held* that the replication was bad, in not averring that the defendant had been known to the plaintiffs as a member of the firm, the declaration disclosing that he was sued as a dormant partner, his name not appearing in the style of the firm.

Appeal from the Circuit Court of Bureau county; the Hon. M. E. HOLLISTER, Judge, presiding.

This was an action of assumpsit, brought by the appellees against the appellants, as partners, at the March term, 1863. On a demurrer to the replication, there was final judgment for the plaintiffs, and the defendants appealed. The facts appear in the opinion of the court.

Messrs. FARWELL & HERNDON for appellants.

The replication is clearly bad:

1. It should have tendered an issue on the plea.

2. The issue it does tender as to notice of the dissolution at the time of making the note, is entirely immaterial.

3. It is argumentative.

No question is raised as to the regularity or sufficiency of the plea.

As to the question of notice, if notice is at all necessary, it should appear from the replication, that the appellees knew at the time of their taking the note, that Warren was or had been a member of said alleged firm of Anderson, Halsey & Co. Warren's name no where appears in the name and style of said firm. It no where appears that the appellees, at the time the account accrued, or at the time the note was given, knew that Warren was a member of said firm. How can it be contended, then, with any show of reason, that the appellees are in any way injured by not being notified that Warren had ceased to be a member of said alleged firm. Warren never was individually credited. The original credit was not given on his individual responsibility. It could not have been because appellees did not know him to be in the firm.

We call the attention of the court particularly to the reasoning of the court in the case of *Kennedy* v. *Bohannon*, 11 B. Monroe, 120.

Also, to the case of *Brisbane* v. *Boyd*, 4 Paige C. R., 22, where the court say: "The want of knowledge of the dissolution of partnership cannot benefit a customer who loses nothing by his ignorance of the fact."

Also, to the case of *Davis* v. *Allen*, 3 Comstock, 172, where the court say: "But in order to render him (a retiring member) liable, it is necessary that he should have been known as a member of the firm to the plaintiff."

Also, to the case of *Bernard* v. *Torrence*, 5 Gil. and Johns., 384, where the same point is decided.

The rule requiring a notice of dissolution, if such rule does exist, proceeds upon the idea that the credit is given upon the responsibility of the individual partners. Therefore, as in this case, Warren is not liable on the note, although no notice was given, for the reason that the appellees do not pretend that they gave the note, or the original credit on the responsibility of Warren, or that they knew of his connection with the firm.

The note sued on was given for the account which was also sued upon, after the dissolution of the co-partnership. Therefore, the note was not given in the usual course of business, and was not binding on the firm. 3 Pick., 177.

The case of *Joseph* v. *Fisher*, 3 Scam., 138, referred to by appellees, does not help them. The rule as established by this court in such cases as appears from 3 Scam., is that where part of the goods were furnished when the partnership existed, and the balance after the partnership had ceased, that then in such case all the partners would be liable, in case no notice was given.

That is the law—no notice is required, except in cases where new credits are given and new liabilities are made in ignorance of the dissolution. In this case no new credit was given. It was a fraud on the part of Halsey to give the note sued on. It was folly on the part of the appellees to receive

the note. They had the account—the note put them in no better condition.

Dealers who *trusted* the firm after dissolution without notice thereof are protected, but where the name of the firm is altered, the vendors cannot hold the members of a different firm liable, because they have not been informed of such dissolution   *Kirby* v. *Hewitt*, 26 Barbour, 608.

One partner cannot, after dissolution, renew a partnership note so as to bind the firm.   *Folz* v. *Powrie*, 2 DeSau., 40.

An acknowledgment made by a partner after dissolution, is not evidence to affect the right of his co-partners.   *Miller* v. *Nurenck*, 29 In., 172; *Berryhill* v. *McKee*, 1 Humphrey, 31.

One partner, after dissolution, cannot by a new contract in the firm name, bind his co-partners, even where the consideration is a debt of the firm.   *Hurst* v. *Hill*, 8 Md., 399; *Speake* v. *White*, 14 Texas, 364.

We also wish to refer the court to *Clapp* v. *Rogers*, 2 Kernan, 283.

Mr. J. I. TAYLOR, attorney for appellees.

A fact pleaded under protestation is admitted in that suit to be true, and is unavailable in the suit in which it is pleaded. 1 Chitty's Plead., 216.

A repugnant, inconsistent, or idle protestation, does not vitiate the plea, even though it be shown for cause of demurrer. 1 Chitty Pl., 617; 19 Johns., 96; 1 Blackf., 216.

Notwithstanding defect of pleading demurred to, the court will give judgment against party whose pleading was first defective in substance.   1 Chitty Pl., & Note (1.)

A partnership once having been shown to exist, it is incumbent on the defendant to prove notice of the dissolution of the partnership before he can be discharged from liability as partner.   *Joseph* v. *Fisher*, 3 Scam., 138-9.

This court, in the case of *Whiteside* v. *Lee et al.*, hold that even notice of dissolution in a newspaper is not sufficient; in that case the court held this language, " *That knowledge of the*

*dissolution before the receipt of the partnership note by plaintiffs, would be required to be shown."* *Whiteside* v. *Lee et al.,* 1 Scam., 550.

A partnership once formed, is considered as continuing as to third persons until notice of its dissolution. 7 Mis., 29; 1 Harr., 161; 18 Ill., 37—28; 17 Pick., 91; Coll. on Part., sec. 533; Chitty on Cont., 235; 22 Wend., 183; 3 Kent Com., 67.

Two partners in a mill dissolved partnership, and posted notices thereof in four or five public places in the town, one of the partners afterwards gave a note in the name of the firm, to a Bank, twelve miles distant—held that the notice was insufficient, and that the note was good against the firm. 9 Dana, 166.

By the English law, notice of the dissolution was required to be published in the *London Gazette*; in this country notice should be given in a newspaper in the county where the business was carried on, at least public notice in some reasonable way must be given. 6 Johns., 147.

Even an advertisement of dissolution in a newspaper is not sufficient unless it appears that party read it. Gow on Part. 308

Mr. JUSTICE LAWRENCE delivered the opinion of the court:

This was an action brought by Ball & Griffin against the appellant, Warren, and his co-defendants in the court below, Anderson & Halsey, upon a promissory note, dated December 8, 1858, and alleged in the declaration to have been made by the defendants, as partners, under the name and style of Anderson, Halsey & Co. The appellant and Anderson filed a plea, verified by affidavit, denying the partnership. The plaintiffs replied that in 1857, and prior to the making of the note, the defendants were partners under the above style, and, protesting that they had not dissolved at the time the note was made, averred that the note was made by Halsey, and received by the appellees, without notice of the dissolution. To this replication there was a demurrer by the appellant, which the court overruled, and the appellant abided by his demurrer. This decision is now assigned for error.

The name of the appellant, Warren, did not appear in the firm in whose name this note was given. So far as these pleadings show, he was a dormant partner. The question, then, presented by this replication is, whether these plaintiffs were entitled to notice of the dissolution. That clearly depends upon whether, at the time the note was taken, they knew that Warren had been a member of the firm. Where a person permits his name to appear as member of a partnership, or where, his name not appearing, he is nevertheless known as a partner, he continues liable, after his retirement, for debts contracted to persons who have no notice of such retirement, and who have known him as a partner, because they may well be supposed to have given credit in consequence of his connection with the firm. But notice of the retirement of a dormant partner is not necessary in order to protect him from liability in subsequent transactions with persons who have had no knowledge of his connection with the firm, for the evident reason that they can not have given credit in consequence of his supposed liability. These principles are very clearly stated in Story on Partnership, sections 159—160, and are fully sustained by the adjudged cases. They are decisive of the case before us. The replication sets up a partnership prior to the giving of the note, and avers that the plaintiffs had no notice of its dissolution. It appearing that the appellant's name was not known in the firm, it was wholly immaterial whether the plaintiffs had notice of appellant's retirement or not, unless they had known him to be a member. Hence the replication is defective in not averring such knowledge. The proof of such an averment, on the trial, can be made, either by showing direct personal knowledge on the part of the plaintiffs, or by evidence that the connection of Warren with the partnership had been matter of such general publicity, as to justify the inference that plaintiffs were cognizant of it.

The demurrer to the replication should have been sustained.

*Judgment reversed.*