## S. P. HODGEN *et al.*

*v.*

## WOLRAD KIEF.

1. PARTNERSHIP—*notice of dissolution.* Partners who give no notice of a dissolution, but continue individually their business at the same place, can not set up their dissolution against one who deals with them, supposing them to be still in co-partnership.

2. SET-OFF—*when not affected by promise made by one party to an account.* A person owing a balance upon account, and paying in trade a greater sum, is not estopped from pleading his set-off by promising to pay the balance first owed by him.

3. PROMISE—*of a consideration for it.* Such promise is without consideration to support it, unless it is also promised not to set off the payment last made, or unless it tends to change the relation of parties and the rights of the one to whom the promise is made.

APPEAL from the Circuit Court of Logan county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. WM. B. JONES, for the appellants.

Mr. J. T. HOBLITT, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of assumpsit on an account, to recover $123 claimed to be due from appellee to appellants.

The following undisputed facts appear in the case: Hodgen & Warner, the appellants, had been engaged together in buying and selling grain from about the year 1860 to June, 1869, when their partnership closed, but they gave no notice of its dissolution, or that they had ceased to do business together. Kief, the appellee, had sold them his grain for several years, and at the time of their dissolution of partnership he was indebted to them in the sum of $123, the money sued for, being so much overpaid him for grain previously sold in 1868.

Most, if not all the dealing of Kief, had been with Warner. In the fall of 1869, Kief, believing that Hodgen and Warner were still doing business together, sold and delivered to Warner, at the place where they had always done business of that character, 741 bushels of barley at fifty cents per bushel, believing he was selling it to Hodgen & Warner, intending the barley to pay, first, the $123 which he owed them. He received on the barley payments in cash, $154, paid by Warner or some other person at their business house. These two sums, deducted from the price of the barley, left $93, the sum which was allowed to Kief by the jury, and which he recovered under his plea of set-off.

In the fall of 1869, Martling & Warner, having formed a partnership, were purchasing grain together, and the barley sold by Kief was, in fact, purchased by them, but Kief did not know this fact. In the summer of 1871, Hodgen sent Kief a note, requesting him to come in and settle the $123, and then was the first information that Kief had that the partnership of Hodgen & Warner had been dissolved. Afterward, Kief promised to pay the $123.

Kief having previously been in the habit of dealing with the firm, and having no notice of its dissolution, it seems to be

conceded, as it well might be under the authorities, (*Warner v. Ball,* 37 Ill. 76 ; *Ellis' Admr.* v. *Bronson,* 40 Ill. 455,) that Hodgen and Warner were liable for the price of the barley, and that Kief was entitled to the benefit of the defense set up by him, under his plea of set-off, of the indebtedness of Hodgen and Warner for the barley, unless he had said or done something which deprived him of such defense. It is insisted that Kief's promise to pay the $123 had that effect. And this is really the only question involved in the case— the legal effect of this promise.

There is a conflict of testimony as to the character of the promise, whether it was absolute or only conditional, to pay if Hodgen would settle for the barley.

Before the making of the promise, Hodgen and Warner were liable to Kief for the price of the barley, and Kief was indebted to them $123.

The evidence does not show that this $123 claim belonged to Hodgen individually, or that the promise was to pay Hodgen individually, and the suit is not founded upon such a promise, it being brought in the names of both Hodgen and Warner, though for the use of Hodgen.

The promise to pay the $123 lent no additional force to the then existing liability of Kief to pay it ; and as it was without any reference to the indebtedness of Hodgen and Warner for the barley, it is not perceived why such promise should interfere with the setting up of a plea in set-off of such indebtedness ; but if the promise could be construed as one not only to pay the $123, but also not to set off against it any part of the price claimed for the barley, it would not be of any binding force for want of a consideration. No consideration of benefit resulting to Kief, or of detriment arising to Hodgen and Warner, or either of them, appears.

There is nothing in the nature of an *estoppel in pais* which appears in the case.

Had there been evidence that, in consequence of the promise, Hodgen had acted so as to alter his previous position, and

that the breach of the promise would operate to his injury, a different question would be presented.

We regard this promise of Kief as having no legal effect upon the rights of the parties. This view sufficiently disposes of all the questions raised upon the instructions, and the sufficiency of the evidence to sustain the verdict.

The judgment of the court below must be affirmed.

*Judgment affirmed.*