# ADAM HOLTGREVE

## *v.*

# RUDOLPH WINTKER *et al.*

1. PARTNERSHIP—*notice of dissolution—to relieve retiring partner from liability.* Where a change takes place in a firm, by some members retiring, and where the same firm name is still used, such retiring members can only relieve themselves from liability by giving actual notice of such fact to former creditors who continue to deal with the firm. As to them, the partnership is presumed to continue the same as it was when they commenced to deal with it, until they in some way have actual notice a change has taken place.

2. It makes no difference how such notice is given of a change in the firm, whether by the retiring members or by any other means, so that actual notice of the fact is brought home to the former correspondents.

WRIT OF ERROR to the Circuit Court of Washington county; the Hon. AMOS WATTS, Judge, presiding.

This action was brought on two promissory notes, made by the firm of R. Wintker & Co. to Adam Holtgreve, one dated May 22, 1873, for $6000, and the other dated June 15, 1874, for $2490, both due when suit was brought. The declaration contains special counts on these notes, and also the common counts. Five of defendants pleaded they were not members of the firm when the notes were executed, of which fact plaintiff had notice. That issue the jury found in their favor, and the court rendered judgment on the verdict, and also judgment in favor of plaintiff, against the other members of the firm, for the amount of the notes. Plaintiff brings the case to this court.

Messrs. C. W. & E. L. THOMAS, for the plaintiff in error.

Mr. P. E. HOSMER, Mr. JAMES A. WATTS, and Messrs. ROUNTREE & AKINS, for the defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

There is no controversy the retiring members of the firm went out in 1871, and the notes upon which the action is brought were not made until 1873 and 1874. Notice of the withdrawal of defendants from the firm of R. Wintker & Co., of which they had formerly been members, was published in the county newspaper, and it is abundantly proven it was the subject of common talk in the immediate neighborhood where plaintiff and defendants resided—so much that one witness thinks it must have been known by every one in the vicinity. But whether plaintiff had actual notice of the withdrawal of these particular members from the firm, is a question upon which the evidence is conflicting; but we think it greatly preponderates in favor of the proposition he had actual notice of that

fact long before he took the notes which are the subject of this litigation. There are so many witnesses that testify to conversations with plaintiff on the subject of the withdrawal of the several defendants from the firm, that we must regard the fact of actual personal notice of the dissolution of the firm as proven beyond controversy. Indeed, a verdict the other way would be considered against the weight of the evidence.

The rule of law is undoubtedly that, where a change takes place in a firm, by some members retiring, and where the same firm name is still used, such retiring members can only relieve themselves from liability by giving actual notice of such fact to persons accustomed to deal with the firm, and who may continue to do so. As to them, the partnership is presumed to continue the same as it was when they commenced to deal with it, until they in some way have actual notice a change has taken place. It is apprehended it makes no difference how such notice is given, whether by the retiring members or by any other means, so that actual notice of the dissolution of the firm is brought home to the former correspondents. *Page et al.* v. *Brant,* 18 Ill. 37; *Ellis' Admrs.* v. *Bronson,* 40 ib. 455.

In this case, the jury were distinctly told it was necessary it must be shown that plaintiff had actual notice of the dissolution of the firm, before defendants could be discharged from liability as former members of the firm. Under the principle asserted, the evidence was clearly sufficient to warrant the finding of that fact, as was done.

It will not be necessary to consider whether all the instructions given for defendants are entirely accurate expressions of the law on the questions involved, for the reason those given for plaintiff are so liberal as to his view of the law, the jury could not have been misled. As we have before remarked, the evidence so preponderates in favor of defendants, no other verdict would be permitted to stand.

The judgment will be affirmed.

*Judgment affirmed.*