CHARLES M. TIBBALLS *et al.*

*v.*

WASHINGTON LIBBY.

*Filed at Ottawa February 3, 1881—Rehearing denied March Term, 1881.*

1. APPEALS *from an Appellate Court—review of questions of fact.* By the 87th section of the Practice act, which requires the Appellate Court to recite, in its final order, judgment or decree, *the facts as found,* which finding shall be final and conclusive when there is a simple affirmance by the Appellate Court of the judgment of the trial court, this court will presume that both courts found the controverted facts the same way, and this court will be precluded from investigating the facts of the case.

2. PRACTICE—*mode of presenting questions of law on the facts.* Where a cause is tried before a jury upon undisputed facts, the right of review may be

preserved through the instrumentality of instructions, and where a jury is waived, and the cause is tried by the court, the parties may ask the court to hold as to certain propositions of law applicable to the facts, and in this manner present any erroneous application of the law to the facts.

3. SAME—*finding of the Appellate Court as to facts—how shown.* A certificate of the judges of the Appellate Court as to the facts of a case, some two months after its final judgment of affirmance, which is but a repetition of the evidence offered on the trial, is not a compliance, in form or substance, with the statute. The statute requires the facts, as found from the evidence, to be stated in the final order, judgment or decree of the Appellate Court, and not by a subsequent certificate of the judges. Such a certificate can not be considered by this court.

4. Where the Appellate Court affirms the judgment of the trial court upon the evidence, no recital or certificate of the facts found by the Appellate Court is required by law, and if made in the absence of such requirement, this court is not permitted to consider it.

APPEAL from the Appellate Court for the First District; —heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. HARRISON & WHITEHEAD, for the appellants:

The Great Western Insurance Company was a corporation *de facto* under the general insurance law of Illinois. *Tibballs* v. *Libby,* 87 Ill. 142; *Upton* v. *Hansbrough,* 3 Bis. (U. S.) 417; *Thompson* v. *Candor,* 60 Ill. 244; *Ramsey* v. *P., M. & I. Co.* 55 id. 311; *Spier* v. *Crawford,* 14 Wend. 20; *Abbott* v. *Aspenwall,* 26 Barb. 202; *Palmer* v. *Lawrence,* 3 Sandf. 161; *Ogilvie* v. *Knox Ins. Co.* 22 How. 380; *In re Reciprocity Bank,* 22 N. Y. 17; Rev. Stat. 1874, p. 593; *Denfee* v. *Old Colony and Fall River R. R. Co.* 5 Allen, 242; *Dudley* v. *Kentucky High School,* 9 Bush, 578; Angell & Ames on Corp. sec. 449; *Springer* v. *I. R. R. Co.* 19 Ill. 174; *Currie* v. *M. Ass. Society,* 4 Henning & Munford, 315; *Ill. R. R. Co.* v. *Zimmer,* 20 Ill. 658; *U. S. of S.* v. *Underwood,* 9 Bush, 617; *McHose* v. *Wheeler,* 45 Pa. St. 41; *Hope M. F. I. Co.* v. *Beckman,* 47 Mo. 97; *W. M. R. R. Co.* v. *Eastman,* 34 N. H. 136; *Bradley* v. *Ballard,* 55 Ill. 420; *Coffin* v. *Rich,* 45 Me. 509.

The appellee was either a trustee or director—a corporator, subscriber or stockholder in the company, or perhaps all these. Collyer on Part. sec. 86; *Buckingham* v. *Burgess*, 3 McLean, 550; *Hope M. F. I. Co.* v. *Eastman*, 34 N. H. 136; *Dowes* v. *Naper*, 91 Ill. 44; *Upton* v. *Hansbrough*, 3 Bis. 426; *Ogilvie* v. *Knox Ins. Co.* 22 How. 380; *U. S. of S.* v. *Underwood*, 9 Bush, (Ky.) 621; *Scott* v. *Dupuyster*, 1 Edw. Ch. (N. Y.) 542; *Spier* v. *Crawford*, 14 Wend. 20; *Cole* v. *Ryan*, 52 Barb. 168; *Guy* v. *Keys*, 30 Ill. 413; *Coffin* v. *Rich*, 45 Me. 509; *Stanley* v. *Stanley*, 26 id. 196; *Oliver Lee's Bank*, 21 N. Y. 11; *Payson* v. *Witters*, 5 Bis. 273; *French* v. *Teschemaker*, 24 Cal. 518; *Chase* v. *Lord*, 6 Abbott's New Cases, 258; 4 N. Y. R. S. p. 210; Rev. Stat. 1874, p. 595; *Butler* v. *Walker*, 80 Ill. 345; *Tibballs* v. *Libby*, 87 id. 142.

The whole amount of the capital stock of said company had not been paid in, and a certificate thereof recorded. *Eaton* v. *Aspenwall*, 6 Duer, 176.

That the company was indebted to the appellee, and therefore that appellee is to be liable to the appellants for such debt, to the amount of stock held by him, see *Tibballs* v. *Libby*, 87 Ill. 142.

Messrs. MONROE & BALL, for the appellee:

The individual liability of stockholders in a corporation, for the payment of its debts, is always a creature of the statute. At common law it does not exist. *Pollard* v. *Baily*, 20 Wall. 520.

The charter of this company was granted by a special act of the legislature in 1857, by which no liability, other than that created by the common law, was imposed upon the stockholder. This charter does not contain a clause allowing the legislature to change or vary it. This charter, thus passed by the legislature, and accepted, acted upon and complied with by the stockholders, constitutes a contract between the State and the corporation, inviolable in its nature, which the State can not impair by subsequent legislation.

*Fletcher* v. *Peck*, 6 Cranch, 87; *Dartmouth College* v. *Woodward*, 4 Wheat. 516; *Bridge* v. *Warren*, 7 Pick. 344; *State* v. *Branin*, 3 Zabr. 484; *Washington Bridge Co.* v. *The State*, 18 Conn. 65; *The People* v. *Platt*, 17 Johns. 195; Cooley's Con. Lim. 278; *Brown* v. *Hammel*, 6 Pa. St. 86; *State* v. *Heywood*, 3 Rich. 389; *People* v. *Manhattan Co.* 9 Wend. 351.

The provision of law by which it is sought to impose a personal liability upon a stockholder, is to be strictly construed, as it is opposed to the common law.  *Gray* v. *Coffin*, 9 Cush. 192; *Chase* v. *Lord*, 6 Abb. N. Cases, 258; *McIntyre* v. *Ingraham*, 35 Miss. 25.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

In the view we take of this case, we are not permitted to consider it upon its merits.

By the 87th section of the Practice act, it is provided: "If any final determination, as specified in the preceding sections, shall be made by the Appellate Court, as the result wholly or in part of the finding of the facts concerning the matter in controversy, different from the finding of the court from which the cause was brought by appeal or writ of error, it shall be the duty of such Appellate Court *to recite in its final order*, judgment or decree, the facts *as found*, and the judgment of the Appellate Court shall be final and conclusive as to all matters of fact in controversy, in such cause."

In giving a construction to this section, it has been held in a number of cases, that where there is a simple affirmance by the Appellate Court of the judgment of the court below, this court will presume that the Appellate Court found the facts in the same way they were found by the trial court, or, in other words, that both courts reached the same conclusion upon all controverted facts.  So, it follows, that in all cases where the facts put in issue by the pleadings present, in law, a good cause of action, or defence, as the case may be, and no questions of law are raised by exceptions, instructions, or otherwise, and there is a simple affirmance of the judgment

of the trial court, such judgment of affirmance must necessarily be affirmed by this court; for, under such circumstances, the presumption is that the case turned solely upon the facts, and the finding of the Appellate Court is, by the statute, made conclusive upon all questions of fact; hence this court is not permitted to review them.

Where issues of fact are formed, and the parties go to trial upon these issues, it may and often does happen, after the evidence is all in, the facts are so clearly settled that there is no longer any controversy with respect to them, and yet the court may, upon some erroneous theory of law, decide the case contrary to the rights of the parties on the admitted facts, and in such case, if the party injured by this misapprehension of the law on the part of the court, should sit by and take no exception to the ruling of the court upon the established facts, and there should be a simple affirmance of the judgment by the Appellate Court, he would be remediless in this court,—but such a result would be purely attributable to the party's own negligence, for the statute has amply provided for preserving in the record, for the purpose of review, any erroneous view of the law which the trial court may entertain. Where the cause is being tried before a jury, all such questions may be preserved through the instrumentality of appropriate instructions. Where it is tried by the court without a jury, the means provided for preserving such questions is equally convenient and efficient.

The 42d section of the Practice act provides: "In all cases in any court of record of this State, if both parties shall agree, both matters of law and fact may be tried by the court, and upon such trial, either party may, within such time as the court may require, submit to the court written propositions to be held as law in the decision of the case, upon which the court shall write 'refused,' or 'held,' as he shall be of opinion is the law, or modify the same, to which either party may except as to other opinions of the court."

In the present case, there was a declaration in assumpsit, setting forth certain facts upon which the plaintiffs relied for a recovery, to which. there was filed a plea of the general issue, which directly put in issue the existence of those facts, and upon this issue the cause, by consent of parties, was submitted to the court without the intervention of a jury, and the court found the issue for the defendant and rendered judgment accordingly, and this judgment was affirmed by the Appellate Court.

The trial court was not asked to hold any proposition of law as applicable to the facts in the case, nor is any particular error of law pointed out or complained of by appellants. The sole ground of complaint is that the facts did not warrant the finding and judgment rendered by the trial court. As already stated, there is nothing in the present record which authorizes us to consider this question. As we have before seen, the judgment of the Appellate Court simply affirms the judgment of the trial court.

There is no recital of any facts in the final judgment of the Appellate Court, as contemplated by the statute, so as to authorize us to determine whether the facts established by the evidence warranted the judgment of the trial court. It is true that the judges of the Appellate Court, something over two months after the final judgment was entered in the cause, made out, under their respective signatures, a certificate of some of the facts found by that court. But the contents of the certificate consist mainly of the evidence as offered on the trial, and not, as contemplated by the act, of the facts found by the court, from the evidence. The certificate, in the main, is but a repetition of the bill of exceptions. This is not, either in substance or form, a compliance with the statute, which requires the Appellate Court, under the circumstances contemplated by the act, to certify, *in its "final* judgment, order or decree,"* the facts as found by that court.

In the first place, the law has made no provision for such a certificate, and for that reason this court can not consider it.

If the facts, as found by the Appellate Court, are different from the facts as found by the trial court, and the judgment of the former court is, in whole or in part, founded upon this difference of finding, the judges of the Appellate Court are not required to make out a certificate of the findings of that court at some future day, as was done in this case, but the *court* is required "to *recite in its final order, judgment or decree*," the facts thus found. It may be urged, that it would answer just as well for the judges of the court to embody the same facts in a certificate executed by the judges, but the conclusive answer to this is, the law requires the one to be done, and does not the other, and, we think, wisely too. It was clearly the intention of the legislature, that the facts thus found by the Appellate Court should be set out, by way of recital, *in the final judgment or order* of the court, in the same manner they are usually set forth and recited in decrees in chancery. In this manner they become a part and parcel of the judgment or decree itself, and so long as the record has an existence, there can be no controversy as to the facts upon which the decree or judgment rests. Moreover, by conforming to the plain requirements of the act in this respect, the court will, of necessity, be compelled to determine and specify the facts in every case, at the time of the rendition of the judgment or decree, when they are necessarily fresh in the minds of the judges, whereas, if postponed to a distant day, as was done in this case, there would be great danger of mistakes and omissions in settling the facts. But, outside of these reasons, the statute is so palpably plain as to admit of no construction.

But, even admitting this court could act on a certificate of the judges in any case, which we hold it can not, still it manifestly could not, on the present certificate, without indulging in a presumption that would be wholly unreasonable and highly discreditable to the trial court, which we can not do. There is no intimation in the certificate in this case, that the facts contained in it are different from those found

by the trial court, and if it did not involve the consequences just suggested, we might presume that the facts found by the Appellate Court were different from those found by the court below. But to do so, in the absence of any express declaration to that effect, would be equivalent to saying that the trial court found all the essential facts one way, and decided the case the other, or in other words, that it decided the case in direct opposition to its own findings. We do not feel warranted, in the absence of an express finding by the Appellate Court to the contrary, in imputing to the trial court the inconsistency and folly of not merely reaching a conclusion without any evidence whatever to support it, but also of deliberately rendering a judgment upon a state of facts specially found by that court, which imperatively required a judgment the very reverse of that rendered. We prefer saying, and do say, under the circumstances disclosed by the record, that we must presume that the Appellate Court found the facts as found by the court below, and that it therefore follows, that any recital or certificate of the facts found by the Appellate Court was not required by law, and if made in the absence of such requirement, this court is not permitted to consider it, and must dispose of the case in the same manner as if none had been made. The views here expressed are fully sustained by the following authorities : *Tenney et al.* v. *Foote,* 95 Ill. 99 ; *Gravett* v. *Davis,* 92 id. 190 ; *Fanning* v. *Russell,* 94 id. 386 ; *Schwarz* v. *Bradley,* 95 id. 168 ; *Gray* v. *Agnew,* id. 315 ; *Ill. & St. L. R. R. & Coal Co.* v. *Cobb,* 94 id. 55 ; *Germania Fire Ins. Co.* v. *McKee,* id. 494.

The judgment of the Appellate Court will have to be affirmed.

*Judgment affirmed.*