MAURICE CREAN

v.

MICHAEL HOURIGAN.

*Filed at Mt. Vernon October 16, 1895.*

158  301
159  221

158  301
163  237
163  446

158   301
108a  ²197
108a  ¹515

1. APPEALS AND ERRORS—*trial by court—written propositions required to raise questions of law.* The submission of written propositions of law in a case tried without a jury is necessary to present, on appeal, any questions except those raised by the admission or exclusion of evidence, or incidentally otherwise, during the trial.

2. SAME—*admission of leading questions—effect on appeal.* The permission or exclusion of leading questions, on direct examination, rests largely and necessarily in the sound discretion of the trial court, and its exercise will not be disturbed, on appeal, unless manifestly abused to the detriment of the party complaining.

3. SAME—*when rejection of questions becomes immaterial.* Subsequent testimony of witnesses fully covering the matters on which leading questions to them have been rejected by the court, makes such rejection immaterial.

*Crean* v. *Hourigan*, 58 Ill. App. 137, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit. Court of Alexander county; the Hon. ALONZO K. VICKERS, Judge, presiding.

GREEN & GILBERT, for appellant.

LANSDEN & LEEK, for appellee.

Mr. JUSTICE BAKER delivered the opinion of the court:

That which purported to be the nuncupative will of Margaret Hourigan, deceased, and to bequeath her property to her brother, Maurice Crean, was admitted to probate in the county court of Alexander county. Michael Hourigan, husband of the deceased, appealed to the circuit court from the order admitting said will to probate. In the latter court a jury was waived and the issue submitted to the court, and the court found that the said alleged nuncupative will was not a valid will, and ad-

judged that it should not be admitted to probate. From the judgment so rendered Crean appealed to the Appellate Court, where the judgment of the circuit court was affirmed. He thereupon prosecuted this further appeal.

The statute makes the judgment of the Appellate Court final and conclusive upon all questions of fact.

In a cause tried before the court without the intervention of a jury, the parties may obtain from the court rulings upon written propositions of law submitted to it, and thereby preserve in the record, for the purposes of review, any erroneous view of the law, or erroneous application of the law to the facts of the case, by the trial court. And unless questions of law, or mixed questions of law and fact, are thus preserved, the record will present no questions for the consideration of this court, other than such as are raised by the admission or exclusion of evidence, or incidentally otherwise, during the progress of the proceedings. (*Tibballs* v. *Libby*, 97 Ill. 552; *Hardy* v. *Rapp*, 112 id. 359; *Exchange Nat. Bank* v. *Chicago Nat. Bank*, 131 id. 547; *Kern* v. *Chicago Brewery Ass.* 140 id. 371; *Home Ins. Co.* v. *Bethel*, 142 id. 537; *Consolidated Coal Co.* v. *Peers*, 150 id. 344.) Where, as in the present case, not only the facts are to be ascertained from the proofs, but the legal effect of those facts determined, the submission of written propositions is alike necessary, for all matters relating to the character, force and effect of the testimony are settled in the courts below. (*St. Louis Stock Yards* v. *Wiggins Ferry Co.* 102 Ill. 514; *Fitch* v. *Johnson*, 104 id. 111; *Edgerton* v. *Weaver*, 105 id. 43.) In the case at bar no written propositions were submitted to the court by either party, for the purpose of having them held as law in the decision of the case.

One of the assignments of error is, that the circuit court refused to admit competent evidence offered by the proponent of the will. The specification of alleged error pointed out by counsel is, that the court sustained objections to several questions asked the Rev. Father Esch-

mann, priest in charge of St. Patrick's church and parish, and Col. Patier, mayor of the city of Cairo,—the two witnesses introduced to prove the alleged nuncupative will. The questions to which the objections went were leading, and admitted by counsel to be so. The objections interposed were placed upon the specific ground that said questions were leading and suggestive. The general rule is, that in the direct examination of witnesses it is not permissible to put to them questions of that kind. (1 Greenleaf on Evidence, sec. 434.) *Prima facie*, the rulings of the court were right, and in conformity with the rule above stated. In some cases of apparent necessity or convenience it is admissible to ask leading questions. Here, however, the witnesses were not hostile to the party producing them, and were intelligent and educated men. It would seem there was no occasion for putting leading questions to them. Besides this, the matter of permitting or excluding such questions is largely and necessarily a matter resting in the sound discretion of the trial court. Greenleaf, in section 435, says it is "not a matter which can be assigned for error." We have not, in our decisions, gone to that extent, but we have frequently held that we would not interfere with the exercise of the discretion unless there had been a manifest abuse of it, to the detriment of the party complaining. Here there was no injury done, for both of the witnesses afterwards testified fully with reference to the very matters which were sought to be elicited by the questions to which the objections were sustained, and the record demonstrates that there was no abuse of discretion on the part of the court. The error is not well assigned.

Upon the record, as made below, we find no other matter that is now open to review.

The judgment of affirmance rendered by the Appellate Court is affirmed.

*Judgment affirmed.*