Reinhart Grocer Co. v. The Benld Merc. Co., 176 Ill. App. 507.

An examination of them will disclose that they clearly sustain the action of the trial judge in this case, in overruling the demurrers.

For the reasons given the action of the trial judge is approved and the judgment affirmed.

*Affirmed.*

The Reinhart Grocer Company, Appellee, v. The Benld Mercantile Company, Appellant.

1. PARTNERSHIP—*constructive notice of retirement is not sufficient.* It would seem that constructive notice to a person selling goods to a firm of the retirement of a partner will not relieve such partner of liability.

2. PARTNERSHIP—*when seller is not put upon notice of withdrawal of partner.* Where a person selling goods to a firm has no actual knowledge of the retirement of a partner and the business is carried on in the same firm name, in the same place and under the same general management as before, the fact that the remaining partner was an active member of the firm after the retirement of the other partner and took part in the management and control of the business is not a circumstance tending to put the seller upon notice of the withdrawal of the partner.

3. PARTNERSHIP—*notice must be given of withdrawal of partner.* Where a member of a firm performing only the duty of posting up the books is introduced to a traveling salesman as a partner and so reports himself to a mercantile agency, and after such partner's withdrawal from the firm the salesman sees him at the firm's place of business and is not informed of the withdrawal, the withdrawing partner is liable for goods sold by the salesman to the firm after his retirement.

Appeal from the Circuit Court of Macoupin county; the HON. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

EDW. C. KNOTTS and PEEBLES & PEEBLES, for appellant C. R. Eagle.

VICTOR HEMPHILL and W. E. P. ANDERSON, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This is an action of *assumpsit,* brought in the Macoupin Circuit Court by the appellee against C. R. and F. W. Eagle, doing business under the firm name and style of Benld Mercantile Company. The declaration consisted of the common counts for goods sold and delivered, with affidavit of merit attached. The plea of the general issue and the sworn plea of C. R. Eagle denying that he was a partner and should not be sued as such, were filed to the declaration, upon which issue was joined and the cause heard, by agreement by the court, without the intervention of a jury.

The court found the issues for the appellee and against both the defendants, and entered judgment in the sum of three hundred and twenty-four dollars against both defendants below. From this judgment the said C. R. Eagle has perfected this appeal.

The principal errors assigned and complained of by the appellant are as to the action of the court in refusing to hold as the law applicable to the case propositions of law asked by said appellant, and the action of the court in rendering judgment against the appellant, C. R. Eagle.

The propositions of law which the appellant contends the court erred in refusing to hold as the law are as follows:

"The court holds in this case that the facts and circumstances introduced in evidence in this case show constructive notice of the retirement of the defendant, C. R. Eagle, from the partnership firm doing business as The Benld Marcantile Company, to the plaintiff in this action." "The Court holds that before the plaintiff in this action can recover from the defendant it must be shown by competent evidence that the items sued for were furnished by the plaintiff to the Benld Mercantile Company upon the faith of the fact that the defendant, C. R. Eagle, was a partner in said firm; and that there is no competent proof in this case of

that fact.'' ''The court holds, that knowledge of any circumstances that would put a man upon inquiry will be sufficient to charge him with notice of such facts as his inquiries would have disclosed with reference to the retirement of a partner from a partnership firm; and in this case the travelling salesman of the plaintiff corporation had knowledge of facts in this case, as shown by the evidence in this case, sufficient as matter of law, to charge him with actual notice of the retirement of C. R. Eagle as a partner in the Benld Mercantile Company.''

We fail to find any reversible error in the action of the trial judge in refusing to hold as law the propositions so asked by appellant, and our view with relation to the law applicable to the propositions of law, will be more fully stated in passing upon the other error assigned upon this record.

The remaining error assigned, that the court erred in rendering judgment against the appellant C. R. Eagle, requires a statement of the facts proven upon the hearing, and they are, in substance as follows:

In May, 1909, F. W. Eagle and appellant, C. R. Eagle, engaged in the grocery business as equal partners, under the firm name of The Benld Mercantile Company, in Benld, Illinois, and purchased goods from the appellee company, through their salesman, Mr. Gum, and appellee continued from that time on to be a correspondent of the said firm, and when the salesman of appellee was taking one of his first orders from the said Benld Mercantile Company, the appellant, C. R. Eagle, was present and was then introduced to the salesman, as a member of the firm. On July 2, 1909, the appellant, C. R. Eagle, sold his interest in said business to his brother, P. A. Eagle. During the time C. R. Eagle was a member of said firm he was employed as cashier of a bank, and he performed no duties of the character of manager, clerk, salesman, buyer, or otherwise, except that after banking hours he posted up the books of the firm.

Shortly after engaging in the grocery business, and before selling his interest therein to this brother, appellant, C. R. Eagle, as reporter for R. G. Dun & Co., gave the names of the members of the firm of the Benld Mercantile Company, and he included his own name therein. He afterwards made a report for the same agency, in which he stated he had no interest in the business, but the date of that report is not definitely given.

When the salesman of appellee was making his regular semi-monthly trips to Benld after July 2, 1909, he would frequently see appellant, C. R. Eagle, at the place of business of the company, and C. R. Eagle did not at any time mention the fact to the salesman of his withdrawal from the firm, nor did he ever give notice to appellee of such withdrawal, until long after the debt in question had been contracted, and only shortly before this suit was instituted.

It further appears from the evidence in behalf of appellee that it relied upon the fact, in extending credit to the firm, that C. R. Eagle was a member of the firm and was so reported in the report of R. G. Dunn & Company to them, and that no notice, personally or otherwise, of the withdrawal of C. R. Eagle from the firm, was ever given it until long after the debt in question had been contracted, and just a short time before the suit was brought.

The rule requiring a partner, upon his withdrawal from a partnership, to give notice of the withdrawal to all regular correspondents in order to relieve himself from future liability, seems to be well settled. It is clearly stated in the case of Holtgreve v. Wintker, 85 Ill. 470, in the following language: "The rule of law is undoubtedly that, where a change takes place in a firm, by some members retiring, and where the same firm name is still used, such retiring members can only relieve themselves from liability by giving actual notice of such fact to persons accustomed to deal with the firm, and who may continue to

do so. As to them, the partnership is presumed to continue the same as it was when they commenced to deal with it, until they in some way have actual notice a change has taken place. It is apprehended it makes no difference how such notice is given, whether by the retiring members or by any other means, so that actual notice of the dissolution of the firm is brought home to the former correspondents."

Thus it will be seen that in order for the appellant, C. R. Eagle, to relieve himself from further liability to appellee, after his withdrawal from the firm, it was his duty to, in some manner, give actual notice to appellee of such withdrawal. Constructive notice seems not to be sufficient, but, whether so or not, it appears from the record in this case that appellee had no notice, constructive or otherwise, of the withdrawal of C. R. Eagle, from the firm until long after the debt here sued for had been contracted.

It is contended that the fact P. A. Eagle was an active member of the firm after July 2, 1909, and took part in the management and control of the business, should be considered as a circumstance tending to put appellee upon notice of the withdrawal of C. R. Eagle from the firm. Under the rule laid down in the case just above quoted from, slight circumstances of this character would not be sufficient to put appellee upon notice, particularly so when the business was carried on in the same firm name, in the same place and under the same general management as before.

Finding no error in the record of reversible character, we feel constrained to affirm the judgment; and the judgment of the circuit court is affirmed.

*Affirmed.*