Herschi v. H. Albrecht & Co., 202 Ill. App. 573.

## Edward Herschi, Appellant, v. H. Albrecht & Company, Appellee.

1. APPEAL AND ERROR, § 1265*—*what is presumed in absence of propositions of law.* Where, upon trial by the court without a jury, no propositions of law were presented to the court to be passed upon, it must be assumed on appeal that the law was rightly applied to the facts in the case, but that does not prevent the correctness of the ruling of the court upon the admission or rejection of evidence from being questioned on such appeal.

2. ATTACHMENT, § 318*—*when evidence as to exemption of personalty is wrongfully excluded upon trial of right of property.* Where a vendee purchased certain saloon property, including stock and articles belonging to the saloon, without complying with the Bulk Sales Law of 1913 [Cal. Ill. St. Supp. 1916, ¶ 10,021(1) *et seq.*], and payment of the purchase money was made and possession of the property taken by the vendee, and thereafter the property was attached in an action against the vendor upon an affidavit that he had within two years fraudulently conveyed or attempted to convey his property so as to hinder and delay his creditors, *held* that the court erred upon trial of the right of property, in excluding

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

evidence offered to show that such property was exempt to the vendor as the head of a family.

3. ATTACHMENT, § 68*—*when lien of attaches to previously trans-ferred property.* No lien attaches under a writ of attachment sworn out against a vendor of property after he has transferred the same unless the transfer was fraudulent, regardless of the amount of property.

4. ATTACHMENT, § 318*—*when proof of value of transferred per-sonalty is erroneously excluded on trial of right of property.* Upon trial of the right of property alleged to have been fraudulently conveyed, taken under a writ of attachment against the vendor of such property after sale and delivery thereof to the vendee, where claim was made that such property was exempt to the vendor as the head of a family, *held* that proof of the value of the property transferred should have been admitted in evidence, and the court should not have been controlled as to the value of such property by the amount named in the bill of sale thereof and paid by the vendee.

Appeal from the City Court of St. Louis; the Hon. W. M. VANDE-VENTER, Judge, presiding. Heard in this court at the March term, 1916. Reversed and remanded. Opinion filed November 13, 1916.

T. M. WEBB and W. E. KNOWLES, for appellant.

DAN McGLYNN, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This is an appeal from a judgment in a suit involving a trial of the rights of property, and is shown by the proofs to have grown out of the following state of facts: On June 17, 1915, Clem Foppe owned a saloon in East St. Louis, Illinois, and on that day sold out to appellant for the sum of $575. A bill of sale was executed by Foppe to appellant in which the property sold was therein described as follows: "The saloon located in the City of East St. Louis, and known as 2500 State street, all liquors and cigars, one cash register, glassware, desk fan, cuspidors and all other ar-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ticles belonging to said saloon.'' After appellant had taken possession of the property and paid the $575 called for by the contract, appellee swore out a writ of attachment against Foppe to collect $153 claimed by appellee to be due from Foppe, and the stock and fixtures in the saloon were attached and taken possession of under the writ by a constable. Appellant filed notice of his claim to the property with the constable and, on the trial of the rights of property in a Justice's Court, the property was awarded to appellant. On appeal to the City Court of East St. Louis, a jury was waived and the court, having found the issues for appellee, sustained the attachment writ and from the judgment there entered this appeal is taken.

No propositions of law were presented to the court to be passed upon, so that it must be assumed that the law was rightly applied to the facts in the case, but that does not prevent the correctness of the ruling of the court upon the admission or rejection of evidence from being questioned here. In *Cream v. Hourigan,* 158 Ill. 301, it was said by our Supreme Court upon this question: "In a cause tried before the court without the intervention of a jury, the parties may obtain from the court rulings upon written propositions of law submitted to it, and thereby preserve in the record, for the purposes of review, any erroneous view of the law, or erroneous application of the law to the facts of the case, by the trial court. And unless questions of law, or mixed questions of law and fact, are thus preserved, the record will present no questions for the consideration of this court, other than such as are raised by the admission or exclusion of evidence, or incidentally otherwise, during the progress of the proceedings. (*Tibballs v. Libby,* 97 Ill. 552; *Hardy v. Rapp,* 112 id. 359; *Exchange Nat. Bank v. Chicago Nat. Bank,* 131 id. 547; *Kern v. Chicago Brewery Ass'n,* 140 id. 371; *Home Ins. Co. v. Bethel,* 142 id.

537; *Consolidated Coal Co. v. Peers,* 150 id. 344.)''

One of the errors assigned by appellant on this appeal was that the court refused to admit competent evidence offered on his behalf. It was shown on the trial that Foppe was a married man and the head of a family. Appellant sought to prove by him that the property attached was all he had and that he conveyed it as exempt property, and also sought to show the real value of the property, notwithstanding the consideration named in the bill of sale and paid by appellant was the sum of $575. The evidence so offered was objected to by appellee and the objection was sustained by the court. The grounds for the attachment named in the affidavit were that Foppe had within two years fraudulently conveyed or attempted to convey his property so as to hinder and delay his creditors. Section 1 of the Bulk Sales Law of 1913 [Cal. Ill. St. Supp. 1916, ¶ 10,021(1)] provides that a sale in bulk of the major part or the whole of a stock of merchandise and fixtures shall be void as against creditors of the vendor, unless the vendee shall demand and receive of the vendor a written statement, under oath, containing a complete list of the creditors of the vendor, and unless notice in writing of said proposed sale shall be sent to each of the creditors of the vendor within certain time fixed by the act; and section 3 of said Act [Cal. Ill. St. Supp. 1916, ¶ 10,021(3)] provides that the same shall not apply to sales of exempt property. The list of creditors was not furnished, nor were the notices required by law given in this case, but appellant claims that Foppe, who as a married man and the head of a family was entitled under the statute to $400 worth of property to be selected by him, had a right to the property sold to appellant as exempt property.

Appellee to meet this claim, takes the position that even though Foppe could have claimed the property

as exempt, he had not done so, and that proof of its value was properly refused both on that account and also because the value was fixed by the amount recited in the bill of sale and paid by appellee. The distinction must be borne in mind between an execution in the hands of an officer at the time of transfer and a writ of attachment sworn out after transfer. In the former, the debtor must claim his exemptions according to the statute in order to hold them. In the latter, no lien attaches unless the transfer was fraudulent, regardless of the amount of property. The only grounds of fraud relied on by appellee were that the property conveyed was a stock of merchandise and that Foppe had not complied with the provisions of the Bulk Sales Law before making the transfer, and that, by reason thereof, the sale was fraudulent. The question, therefore, as to whether the property was in fact exempt property or not was of first importance, and it was error for the court not to admit evidence upon that question. It is contended, however, by appellee that as the bill of sale fixed the consideration at $575, and appellant paid that amount for what was transferred to him by Foppe, that the value of the property is established thereby and appellant is precluded from showing that the goods and fixtures turned over to him were in fact of less value than the price named. It appears from the proof that some articles of small moment taken by the constable, under the writ, were not really included in the goods sold by Foppe to appellant, but were otherwise acquired by appellant, and of course appellee could not rightfully claim these. The bill of sale provided among other things for the sale of the "saloon located in the City of East St. Louis, and known as 2500 State street." Just what is meant by the "saloon" it is impossible to say, but it might have included a favorable location to carry on the dramshop business and the good-will of a business already established. As a matter of fact, the

property transferred to appellant might have been actually worth less than $400. For this reason, also, it was important that proof of the value of the property transferred should have been admitted in evidence, and the court should not have been controlled as to the value of the stock and fixtures by the amount named in the bill of sale, and paid by appellant. The judgment of the trial court will therefore be reversed and the cause remanded.

*Reversed and remanded.*