Page et al. *v.* Brant.

DANIEL D. PAGE *et al.*, Plaintiffs in Error, *v.* JOSHUA B. BRANT, Defendant in Error.

ERROR TO ST. CLAIR.

A. brought his action of assumpsit against B. and C. as copartners; these pleaded in abatement that two others, partners, were jointly liable with them; and it appeared that the agent of A. was conversant (although himself was not) of the fact that the two others were partners of B. and C. at the time of the contract for which suit was brought: *Held,* That the plea was good, and that the suit should have been brought against all who were liable.

In actions *ex contractu,* all the ostensible and public members of a copartnership existing at the time of the making of the contract sued on, must be joined. Dormant or secret partners need not be joined.

THIS cause was tried before BREESE, Judge, a jury having been waived, at August term, 1855, of the St. Clair Circuit Court. The facts of the case are stated in the opinion of the court.

UNDERWOOD and QUICK, for Plaintiffs in Error.

G. KŒRNER, for Defendant in Error.

SKINNER, J. Brant sued Daniel D. Page and Henry D. Bacon, as partners, under the style of Page & Bacon, and declared in *indebitotus* assumpsit. The defendants below pleaded in abatement the non-joinder of Brown and Wyman as parties defendant; to which the plaintiff replied, traversing the joint liability in the plea alleged. The cause was tried by the court, who found the issue for the plaintiff, and rendered final judgment against the defendants. The only question presented, is, whether the evidence justified the finding. It was proved that, from 1850 to 1853, the defendants composed the firm of Page & Bacon, a banking firm of St. Louis; that, in 1853, Brown and Wyman came into the firm as partners, and up to the bringing of the suit, in 1855, continued such partners; that notice of the change in the members of the firm was given at the time, in the newspapers of St. Louis, where the parties resided, and by cards of the firm circulated, and that the change was notorious in St. Louis; that, from 1850 to 1855, the plaintiff deposited with this banking house, using one bank book for the whole period, in which the account was stated as between Page & Bacon and the plaintiff, and the same firm name of Page & Bacon continued over the door of the banking house; that the plaintiff was a wealthy and intelligent person, and that his transactions with the banking house, out of which the suit arose, were done through his agent and book-keeper, who knew of the change of the members of the firm, and also read the notices

thereof in the newspapers; that the bank book was balanced from time to time, from 1850 to 1855, when the last balance was struck, exhibiting a credit to the plaintiff of $1,101; and it did not appear that the firm name had ever been changed.

The general rule is, that the plaintiff must join as parties defendant all who are *jointly* liable upon the contract sued on, and if he does not, the non-joinder being pleaded in abatement, he cannot recover against any. And in actions in form *ex contractu* against partners, although the plaintiff need not join dormant or secret partners not known to him at the time of the contract, he must sue all who are ostensible and public members of the firm at the time of making the contract sued on.

The plaintiff is presumed to have contracted with those who at the time of contracting were openly and publicly members of the firm; and in seeking his remedy he need not notice persons interested in the firm, if unknown to him at the time of making the contract, who do not openly act in its business transactions, or are not publicly known and recognized as members of the firm. 1 Chitty's Pl. 47 to 50; 2 Greenlf. Ev. Secs. 25, 134; Collyer on Part. Sec. 719; Story on Part. Sec. 241; *Millett* v. *Hook,* 1 M. and Mal. R. 88; *Ex parte Norfolk,* 19 Vesey R. 455; *Alexander* v. *M'Ginn,* 3 Watts R. 220.

Where a change takes place in the members of a firm by *their* action, or by some going out, or coming in, as to all persons accustomed to deal with the firm, it is necessary in order to change the relation of the parties, and to charge such persons with the liabilities and ordinary consequences of a change of members of the firm, that they have actual notice thereof. And as to such former customer continuing to deal with the firm, so far as regards the public, ostensible members, and those to whose responsibility he had before trusted, notice in the newspapers and mere notoriety will not discharge, or alter the relations of the out-going or in-coming partner, in respect to subsequent transactions, or affect the rights of the customer as to who he may sue in regard to such transactions. As to him, the partnership is presumed to continue the same until he has actual knowledge of the change. Collyer on Part. Sec. 533; Story on Part. Sec. 161; Chitty on Con. 210; *Joseph* v. *Fisher,* 3 Scam. R. 138; *Whitesides* v. *Lee,* 1 Scam. R. 550; *Mitchum* v. *The Bank of Kentucky,* 9 Dana R. 166; *Vernon* v. *The Manhattan Company,* 22 Wend. R. 183; *Watkinson* v. *The Bank of Pennsylvania,* 4 Wharton R. 482; *Mandlin* v. *The Branch Bank of Mobile,* 2 Ala. R. 502; 3 Kent's Com. 67. Of course, actual knowledge may be proved, like any other fact; but notice in the newspapers and mere notoriety are held, of

themselves, not to amount, in law, to notice, although they are, undoubtedly, proper evidence for the consideration of a jury, in determining upon the fact of actual knowledge or notice. But in this case the plaintiff had sufficient notice of the change in the partnership. His agent and book-keeper, who acted for him in the business out of which the suit arose, had actual knowledge of the change of partners, and the law presumes that the agent communicated the fact to his principal, and will not permit the principal to allege the contrary; for it was the duty of the agent to make the communication, and it was the fault of the plaintiff if he employed an unfaithful agent. Theobold on Prin. and Agent, 283; Story on Agency, Sec. 140; 1 Story's Com. Sec. 408; *Astor* v. *Wells*, 4 Wheaton R. 466; *Hiem* v. *Mill*, 13 Vesey R. 114; *Morrison* v. *Prim*, Breese R. 33; *Rector* v. *Rector*, 3 Gil. R. 119; *Doyle* v. *Teas*, 4 Scam. R. 250. Brown and Wyman were ostensible, open members of the firm of Page and Bacon, for some two years prior to the commencement of the suit, and during which time, we cannot doubt, the liability accrued; and the plaintiff having notice that they had become such partners, should have joined them in the action.

Judgment reversed and cause remanded.

*Judgment reversed.*