# JACOB T. SOUTHERN

### v.

# JOHN GRIM.

PARTNERSHIP—*notice of dissolution necessary to exonerate retiring partner from subsequent liability.* Where a partnership is dissolved and one of the partners continues the business the same as before, the other, in order to protect himself, should give public notice of the dissolution in the town where the firm carried on its business. Unless such notice is given, persons dealing with the partner who continues the business, without actual notice of the dissolution, will have the right to rely on the credit of the firm.

APPEAL from the Circuit Court of Cumberland county; the Hon. H. B. DECIUS, Judge, presiding.

Mr. J. N. GWIN, for the appellant.

Mr. O. B. FICKLIN, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was brought by appellee against appellant and Edward Paxton, as partners, to recover the value of a quantity of wheat alleged to have been sold to the firm. Appellant filed a plea, under oath, denying the partnership. A trial was had by the court, without the intervention of a jury, which resulted in a judgment for appellee, to reverse which appellant prosecutes this appeal.

There can be no doubt, under the evidence, a partnership had existed between appellant and Paxton for the purchase and sale of grain at the town of Greenup. The only question about which we can have any doubt is whether the partnership had been dissolved and notice given before Paxton bought the wheat in controversy. It was purchased November 22, 1870, and was to be paid for in December. About the time the wheat was to be paid for Paxton ceased to do business at Greenup. Appellant did not reside there.

The exact date of the dissolution of the firm of Southern & Paxton is left in much doubt by the evidence. Edward W. Paxton testifies it was dissolved in October previous to the purchase of this wheat. There is the testimony of a witness who has no personal interest in this controversy, who states that he examined the books and found they had been kept in the firm name of Southern & Paxton up to as late as the 9th of November, only twelve days before the date of this transaction. But if the firm was in fact dissolved prior to the purchase of this grain, it does not appear that any notice of the dissolution had been given.

It is true, that Paxton testified he gave appellee notice of the dissolution of the firm, and read over to him the receipt for the grain, signed "E. W. & J. M. Paxton." Appellee, however, as positively states he never heard of the dissolution of the old firm; that Paxton did not read the receipt to him, nor did he read it himself. A number of witnesses, resident in the town, all testify they never heard of the dissolution of the firm of Southern & Paxton until after Paxton had left.

There is so much conflict in the evidence that we are unwilling to disturb the finding of the court. In order to protect himself appellant ought to have caused public notice of the dissolution to be given in the town where the firm had been doing business. The public continued to give credit to the firm, and could rightfully do so until notice was given. This he failed to do.

There is no sufficient reason for reversing the judgment, and it is accordingly affirmed.

*Judgment affirmed.*