# JEANETTE H. HICKS

*v.*

# CHARLES R. RUSSELL, impleaded, etc.

1. PARTNERSHIP—*dissolution revokes all power of partners to contract in name of firm.* A dissolution of partnership operates as a revocation of all power in each partner to enter into contracts on behalf of the firm; and none of the partners afterwards can create any new contract or obligation binding upon the partnership.

2. SAME—*notice of dissolution—when necessary.* The power of each partner to contract in the name of the firm, within the legitimate scope of their business, and with persons accustomed to dealing with the partnership, continues until such persons have actual notice of a dissolution; but as to persons not in the habit of dealing with such partnership, a newspaper notice of dissolution is sufficient.

3. Two firms were in the habit of dealing with each other. and one becoming indebted to the other, the debtor firm executed its note to the creditor firm, and one of the partners of the debtor firm executed a deed of trust to one of the partners of the creditor firm, on his individual property, to secure the debt. Both firms were dissolved, the partner upon whose property the deed of trust was executed assuming to pay the indebtedness of his firm. No further dealings occurred between the firms for three years, at the end of which time the partner of the debtor firm who had assumed the payment of its debts executed, in the name of the firm, a new note, payable to one of the partners of the creditor firm, and took a discharge from him, in the name of his firm, of the original secured indebtedness: *Held,* that the execution and taking of the new note in lieu of the secured indebtedness were not within the legitimate scope of the business of either firm, nor according to the ordinary course of trade, and were not binding on either of the firms, even though neither the party taking the note nor the firm he represented had ever received actual notice of the dissolution of the firm in whose name the note was executed.

4. SAME—*notice of dissolution as to assignee before maturity.* Notice of the dissolution of a partnership, by publication in a newspaper, is notice to an assignee before maturity of a promissory note executed by one of the partners after the dissolution, in the name of the firm, to a person who was chargeable with notice, such assignee having had no dealing with the firm prior to its dissolution.

WRIT OF ERROR to the Circuit Court of Wabash county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

Mr. S. Z. LANDES, for the plaintiff in error.

Messrs. BELL & GREEN, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The firm of Russell Brothers, of Mount Carmel, Illinois, was composed of Edwin S. Russell and the defendant in error, Charles R. Russell, and was dissolved January 1, 1867, Edwin S. Russell assuming, in writing, the payment of the debts of the firm.  Newspaper notice, only, was given of the dissolution of the firm, at its place of business.

The firm of L. H. Sargent & Co., of Cincinnati, Ohio, was composed of L. H. Sargent and Thomas J. Biggs, and was dissolved June 30, 1866.

Russell Brothers, before they dissolved, became indebted to L. H. Sargent & Co., and executed to them their promissory notes for the amount of the indebtedness.  To secure the payment of these notes, Edwin S. Russell had executed to L. H. Sargent, as trustee, a deed of trust on his (Russell's) real estate. Thomas J. Biggs, of the firm of L. H. Sargent & Co., claimed that L. H. Sargent was indebted to him in the sum of $6000, and on the first day of May, 1870, more than three years after the dissolution of both firms, he, Biggs, by an arrangement with Edwin S. Russell, procured the execution of the two notes sued on in this case, to be made by Edwin S. Russell in the firm name of Russell Brothers, and payable to Thomas J. Biggs, individually, the notes being for the sum of $676.61 each, and payable, respectively, two and three years after date. The notes were executed in payment of the firm notes of Russell Brothers, in the hands of L. H. Sargent & Co., and Biggs executed a release of the latter notes.  But the notes were not surrendered, and they were afterwards satisfied, except about $28, by the sale of the real estate conveyed to L. H. Sargent by the said deed of trust of Edwin S. Russell.  Biggs assumed to apply the notes he so received from Edwin S. Russell toward payment of the balance of $6000, which he claimed to

be due to him from Sargent, and so notified the latter; but Sargent withheld his assent thereto, and denied the right of Biggs to act in the matter.

The notes sued on were transferred to the plaintiff in error, before maturity, for value. This suit was brought upon the notes by plaintiff in error against Charles R. Russell and Edwin S. Russell.

On the foregoing facts, the court below, on trial without a jury, held, that the plaintiff in error could not recover on the notes in suit against Charles R. Russell, who had interposed a sworn plea denying his joint liability with Edwin S. Russell, and denying the existence of the firm of Russell Brothers at the time of the execution of the notes.

In this, the plaintiff claims there was error. It is the well settled principle of the law of partnership, that a dissolution operates as a revocation of all power in each partner to enter into contracts on behalf of the firm, and none of the partners afterward can create any new contract or obligation binding upon the partnership. But it is insisted that Biggs came within the exception that, as to a person accustomed to deal with the partnership, it continues until he has actual notice of the dissolution. *Page et al.* v. *Brant,* 18 Ill. 37 ; *Ellis' Admrs.* v. *Bronson,* 40 id. 455.

Defendant contends that, under the circumstances here, actual notice was not necessary. And that is the question in the case.

There is no explanation attempted of the purpose of taking these additional notes from Russell Brothers, further than as furnished by the facts themselves, as above stated. They were given, for other notes, to L. H. Sargent & Co., but the latter notes were not surrendered, and why were the former ones so given ? Upon the face of the transaction, it would rather appear to have been one between Biggs and Edwin S. Russell for their own mere private advantage, in fraud of the rights of their respective firms.

As respects the firm of L. H. Sargent & Co., it was an

attempted substitution of unsecured notes for those that were secured, and an attempted application of the assets of that firm to the payment of the individual debt of Biggs, and it not appearing, even, that there was such a debt, Biggs merely stating that he claimed a balance due him from L. H. Sargent, in settlement of their partnership affairs, of about $6000.

As respects the firm of Russell Brothers, it was the giving of additional notes for notes already outstanding, and imposing upon the firm a liability, or hazard of liability, upon two sets of notes for the same debt ; and the rights of Charles R. Russell were calculated to be injured in the release, if valid, by Biggs of the notes to L. H. Sargent & Co., to secure the payment of which Edwin S. Russell had before conveyed his own real estate by a deed of trust, and who had also agreed, by the terms of their dissolution, to pay all the debts of the firm.

Biggs, in taking from Edwin S. Russell these additional notes and releasing the secured notes, may not improperly be chargeable with knowledge or notice that Edwin S. Russell was acting in violation of his obligations or duties to the firm of Russell Brothers, or for purposes disapproved of by the firm or in fraud of the firm.

Every such contract with a firm, made with such knowledge or notice, will be void as to the firm. Story on Part., § 128.

As remarked, both these firms had been dissolved more than three years before the making of these notes. No new debt was created, and no new credit was given to the firm of Russell Brothers. Merely new notes were given to Biggs, individually, for notes to the firm of L. H. Sargent & Co., but the old notes were not surrendered up, and only a release of them given by Biggs.

Notice of the dissolution of a firm is required to guard against imposition in the regular course of business of the firm—to protect a person who is giving credit to the firm. The cases in which notice has been held necessary, it is believed, were all founded upon transactions in the regular course of business. The present case does not seem to come

within the reason of the rule. A somewhat analogous case is that of *Whitman* v. *Leonard*, 3 Pick. 177. There being in that case a promissory note, signed by Boyce & Luther, not due, and Boyce having absconded, Luther went to the promisee and told him that they, Boyce & Luther, were in difficulty, and renewed the note, making it payable on demand, in the name of Boyce & Luther. The court there say : "But here was an absconding of one partner, which dissolved the partnership. It is said, however, that as to a person accustomed to deal with the partnership, it continued until he had notice of the dissolution. But that must apply to their usual dealings. Here, after an absconding of one partner, the other makes a note-to charge the partnership, in order to give a creditor an opportunity of favoring himself, which was not according to the ordinary course of trade. Either no notice was necessary in such a case, or it is to be implied from the transaction."

We are inclined to hold, that the acts of Biggs and those of Edwin S. Russell, in taking and giving the notes sued on, in the manner and under the circumstances as here disclosed, were not within the legitimate scope of the business of either firm, nor according to the ordinary course of trade, and were not binding on the firms represented by Biggs and by Edwin S. Russell, even though L. H. Sargent & Co., or Biggs, had never received any actual notice of the dissolution of the firm of Russell Brothers. It can make no difference that the notes were assigned to the plaintiff in error before maturity.

If they were not the promissory notes of Charles R. Russell in the hands of Biggs, his indorsement of them to the plaintiff in error did not make them any more so, she never having had any dealing with the firm of Russell Brothers previous to its dissolution, and the notice of the dissolution by publication in the newspaper being sufficient as to all such persons.

The judgment of the court below will be affirmed.

*Judgment affirmed.*