ALOIS PODRASNIK AND CHARLES H. EHLEBRACHT

v.

R. T MARTIN COMPANY.

*Partnership — Dormant Partner — Definitions—Dissolution—Notice—Notes—Recovery under Common Counts.*

1.  A dormant partner is one whose name is not known or does not appear as a partner, but who is a silent partner and partakes of the profits.

2.  Where one is embraced in the title of the firm under the general description, " & Co.," he is a general partner.

3.  Where proper notice of a dissolution is not given and the business is continued in the firm name, the retiring partner remains liable as to persons dealing with the other partner without notice, actual or constructive, of the dissolution.

4.  In an action on firm notes, the plaintiff, if not entitled to recover on the notes because of their invalidity, may recover under the common counts for the firm indebtedness for which the notes were given.

[Opinion filed January 25, 1888.]

APPEAL from the County Court of Cook County; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Mr. G. FRANK WHITE, for appellants.

Messrs. HENRY C. VAN SCHAACK and FRANK E. PAGE, for appellee.

BAILEY, J. This was a suit in assumpsit, brought by the R. T. Martin Company, a corporation, against Charles H. Ehlebracht and Alois Podrasnik, as co-partners under the name of C. H. Ehlebracht & Company, to recover the amount of two promissory notes made by C. H. Ehlebracht & Company, payable to the order of said R. T. Martin Company, one for $301.87, dated March 1, 1886, and the other for $300, dated March 15, 1886, both maturing four months after date. The declaration consisted of special counts on the notes and the common counts, and the defendants appeared separately and each pleaded non assumpsit, and also a plea verified by affi-

Podrasnik v. R. T. Martin Co.

davit, denying joint liability with his co-defendant. On the trial before the court, a jury being waived, the issues were found for the plaintiff, and the plaintiff's damages assessed at $315, and judgment was rendered accordingly.

The principal controversy at the trial arose upon the question of the liability of the defendant Podrasnik as a partner in the firm of C. H. Ehlebracht & Company. It appears that for some time prior to July 1, 1885, defendant Ehlebracht and one Baldwin were partners, doing business as retail dealers in wall paper, under the firm name of Ehlebracht & Baldwin, and that on or about that date, Ehlebracht, being financially embarrassed, Podrasnik, at his instance, bought out the interest of Baldwin in said firm and became himself a partner with Ehlebracht, the business thereafter being carried on under the firm name of C. H. Ehlebracht & Company. Podrasnik, as it appears, took no personal charge of the business, and he does not seem to have been advertised or generally known as a member of the firm. On or about February 1, 1886, the firm was dissolved by the retirement of Podrasnik, and Ehlebracht thereafter continued to carry on the business under said firm name of C. H. Ehlebracht & Company. Personal notice of the dissolution was given by Podrasnik to most or all of the then existing creditors of the firm, but no notice of said dissolution was published, nor was any notice, actual or constructive, given to any persons or to the public beyond said personal notice to said existing creditors. About February 1, 1886, but whether before or after the dissolution is disputed, Ehlebracht ordered certain goods of the plaintiff, which were afterward delivered, and for the goods so purchased the notes in suit were executed and delivered to the plaintiff by Ehlebracht at or about the days of their respective dates. Subsequently Ehlebracht became insolvent and made an assignment for the benefit of his creditors, and as the result of certain composition proceedings among said creditors, the proceedings under the assignment were discontinued upon payment to each of fifty per cent. of his claim. In this composition the plaintiff received $302.43, and executed a receipt in full on all demands against the estate of Ehlebracht, but therein expressly reserved

all its rights, claims and demands against said Podrasnik, and provided that said receipt should in no way be construed as releasing or affecting the plaintiff's claim against him.

The evidence shows beyond controversy that from July 1, 1885, to February 1, 1886, Podrasnik was actually a partner in the firm of C. H. Ehlebracht & Company. He himself testifies positively and unequivocally that he was such partner. His partnership relation being thus confessed, his liability for the indebtedness in question would seem to follow from any view of the evidence we are able to take.

The plaintiff's evidence tends to show that the goods for which the notes were given were ordered and purchased by C. H. Ehlebracht & Company in January, 1886, and while Podrasnik was confessedly a member of the firm, though delivered subsequent to the dissolution. If this evidence is true, the indebtedness for which the notes were given was firm indebtedness, for which Podrasnik was unquestionably liable. It is true the defendant's evidence tends to show that said goods were not ordered until some time in February, and after the dissolution. The most, however, that can be said on that question is that the evidence is conflicting, and the court having found the issues for the plaintiff, will be deemed to have resolved the conflict thus raised in the plaintiff's favor, and we are unable to say that such finding is not fairly warranted by the evidence. The court below, sitting as a jury, was the proper tribunal to decide contested questions of fact, and it is not for us to disturb his finding, unless it appears to be clearly and manifestly against the preponderance of the evidence, and we are unable to say that such is the case here.

But it is urged that even if the indebtedness was a partnership indebtedness, Ehlebracht had no authority after the dissolution to execute promissory notes therefor in the name of the firm. Whether the notes were valid as firm paper does not, in the view we take of the case, seem to us to be material, since the plaintiff, if not entitled to recover on the notes by reason of their invalidity, was entitled to recover under the common counts for the firm indebtedness for which the notes were given. The evidence not only established the execution of

the notes, but their consideration, and that consideration being a firm indebtedness, was evidence applicable to the common counts, and warranted a recovery under those counts.

But even if we were to construe the evidence as showing that the indebtedness was incurred after the dissolution, we think that defendant Podrasnik must still be held liable. Not having given proper notice of the dissolution, and the business being afterward carried on in the firm name, he was still liable to persons dealing with the other partner without notice, actual or constructive, of the dissolution. In Southern v. Grim, 67 Ill. 106, it is held that where a partnership is dissolved and one of the partners continues the business the same as before, the other, in order to protect himself, should give public notice of the dissolution in the town where the firm carried on its business. Unless such notice is given, persons dealing with the partner who continues the business, without actual notice of the dissolution, will have the right to rely on the credit of the firm. See also Parsons on Partnership, 412. Doubtless as to persons who had not previously dealt with the firm, a notice by public advertisement would have been sufficient. Meyer v. Krohn, 114 Ill. 574; Hicks v. Russell, 72 Ill. 230. No such notice, however, was given in this case.

But it is insisted that Podrasnik was a dormant partner and was therefore not required to give notice of the dissolution in order to protect himself from liability to persons afterward dealing with his co-partner. It may be conceded that if he was a dormant partner, such notice was unnecessary; but was he such partner? Story defines a dormant partner to be one whose name is not known or does not appear as a partner, but who, nevertheless, is a silent partner and partakes of the profits. Story on Partnership, Sec. 80. According to Mr. Parsons, the word implies both the qualities of secrecy and inactivity. "It seems to be most common and most convenient to use the word as indicating a partner who both keeps himself concealed and who refrains from any active interference with the business or management of the firm." Parsons on Partnership, 33. In Jones v. Fegely, 4 Phila. 1, it is

held that a dormant partner is one whose name is not mentioned in the title of the firm or embraced in some general term, as "company," "sons," etc. In Deford & Co. v. Reynolds, 36 Pa. St. 325, it was held that one who was a member of a partnership trading under the name of R. McCulloh & Co., did not become a dormant partner by reason of the creditor being ignorant of the name of the co-partner of R. McCulloh, and that it would be deemed that the credit was given to such partner under the name of "& Co." In discussing the question the court say: "McCulloh and Reynolds were in partnership, it is admitted, until April 7, 1853. They were the only partners. They transacted business under a firm name that represented to those dealing with them that some other than R. McCulloh was responsible. The vendor of goods of course gave credit, not to McCulloh alone, but to him and to whatever other persons were embraced within the company. He may not have known the name of the person included under the description "& Co.," and yet have known that the partner not named was the most responsible. Indeed, he might have been the active partner and yet unknown by name to the creditor." In the same case, after citing the definition of a dormant partner given in Mitchell v. Dale, 2 Harr. & G. 172, viz., that every partner is dormant unless his name appears in the firm "or is embraced under general terms as the name of one of the firm and company," the court remarked: "Without assenting to this as universally true, it may be said that its obvious implication is, that if one is embraced in general description, the name of one partner and company, his is not a case of dormant or secret partnership."

While it is true in the present case that Podrasnik took no active part in the management of the business of the firm, and that his relations to the firm were not generally known, yet when he became partner the partnership adopted a firm name indicating and publishing to the world that another beside Ehlebracht belonged to the firm. This was wholly inconsistent with the theory of the silent partnership, or of a partnership professedly concealed from the world. The partnership relation was openly avowed, and the public were invited to

treat with the firm composed of Ehlebracht and another, and the other on inquiry turns out to be Podrasnik. We are of the opinion that Podrasnik was not exempted from the general rule as to notice of the dissolution, in order to protect himself from liability for subsequent debts contracted by his late co-partner.

Some complaint is made of certain rulings of the court in the admission of evidence. We have duly considered the points made and are of the opinion that there is no material error in that respect.

Finding no error in the record, we affirm the judgment.

*Judgment affirmed.*