SIMON SINSHEIMER

*v.*

THE WILLIAM SKINNER MANUFACTURING COMPANY.

*Filed at Ottawa November 9, 1896—Rehearing denied March 4, 1897.*

1. PARTIES—*all partners liable for debt must be joined—plea of non-joinder.* All persons who were partners at the time a debt was contracted by a firm, must, in the absence of legal excuse, be joined in a suit for payment, and if not joined, those sued may take advantage of the non-joinder by plea in abatement.

2. PLEADING—*leave to amend is not, in itself, an amendment.* Though leave given to strike out the entire common counts may be regarded as tantamount to a dismissal thereof, yet mere leave to strike out certain allegations in a count and insert new ones does not, when unexecuted, amount to an amendment.

3. SAME—*when defense of non-joinder need not be raised by plea.* Where a declaration shows on its face that a party then living and not made defendant is jointly liable on the contract with the party sued, the defendant may take advantage of the non-joinder by demurrer, motion in arrest or by writ of error.

4. Same—*presumption as to whether party mentioned in a pleading is living or dead.* When a pleading shows on its face that a person mentioned therein has been heard of within the seven years necessary to raise a presumption of death, a presumption that such person is living results.

*Sinsheimer* v. *Skinner Manf. Co.* 54 Ill. App. 151, reversed.

Writ of Error to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Elbridge Hanecy, Judge, presiding.

This was a suit in assumpsit, brought by the William Skinner Manufacturing Company against Simon Sinsheimer, to recover the amount of an indebtedness to the plaintiff for goods sold and delivered. The declaration, as originally filed, consisted of the common *indebitatus assumpsit* counts only, and to that declaration the defendant filed a plea of *non assumpsit.* Subsequently the plaintiff, by leave of the court, filed four additional counts, in which it averred, in substance, that the defendant and one Samuel Sinsheimer, co-partners doing business under the firm name of S. Sinsheimer, became and were indebted to the plaintiff in the sum of $400 for goods, wares and merchandise by the plaintiff sold and delivered to the firm of S. Sinsheimer, and being so indebted to the plaintiff, the defendant, Simon Sinsheimer, in consideration thereof, undertook and faithfully promised the plaintiff well and truly to pay the plaintiff the sum above mentioned when afterwards requested so to do, and that, although often requested, he had neglected and refused to make such payment. To the additional counts the defendant filed a plea, verified by affidavit, denying that he had jointly undertaken or promised in manner and form as alleged in the additional counts, and also filed a plea of *non assumpsit,* verified by affidavit. Upon the issues thus formed a trial was had before the court and a jury, resulting in a verdict finding the issues for the plaintiff and assessing its damage at $278.35.

The evidence on the part of the plaintiff tended to show a partnership between the defendant and Samuel Sinsheimer, under the firm name of S. Sinsheimer, and the sale and delivery by the plaintiff to the firm of the goods in question, at the request of the firm or of one of its members. The evidence on the part of the defendant, on the contrary, tended to show that while such partnership previously existed, it was terminated by the withdrawal therefrom of the defendant, and that notice of such withdrawal was given by the defendant to the plaintiff prior to the sale and delivery of the goods. The defendant's evidence also tended to prove, that after the dissolution of the firm by the withdrawal of the defendant the business was carried on by Samuel Sinsheimer, and that the goods in question were sold and delivered to him. The plaintiff, in rebuttal, gave evidence tending to show that prior to the accruing of the indebtedness sued for, the plaintiff and William Skinner & Sons (the firm of which the plaintiff corporation is the successor) had been doing business with the firm of S. Sinsheimer by way of selling the firm goods on credit, and that no notice whatever was received by the plaintiff of the dissolution of the defendant's firm, or of his withdrawal therefrom, prior to the sale of the goods in question.

While the motion for a new trial was pending, the plaintiff asked and obtained leave to amend its declaration, first, by striking out or dismissing the original common *indebitatus assumpsit* counts; and second, by striking out of each of the additional counts the allegation of a promise or undertaking by the defendant, and inserting in lieu thereof an allegation of a promise or undertaking by the firm of S. Sinsheimer. The leave thus given, so far as the additional counts are concerned, does not seem to have been acted upon, and the amendments proposed do not seem to have been in fact made. The defendant thereupon asked leave to file to the additional counts as proposed to be amended, a plea of *non assumpsit* and a plea

denying his partnership with Samuel Sinsheimer, both verified by affidavit, which was denied. The motion for a new trial was then overruled, and judgment was rendered in favor of the plaintiff in accordance with the verdict. That judgment has been affirmed by the Appellate Court, and this appeal is from the judgment of affirmance, that court having granted the necessary certificate of importance.

MOSES, PAM & KENNEDY, for plaintiff in error:

All actions at law to recover debts due from a co-partnership or firm must be brought against all the partners, by name, who are members of the firm at the time the indebtedness sued for was contracted, even including the bankrupt. *Page* v. *Brandt,* 18 Ill. 37; *Pettis* v. *Atkins,* 60 id. 455; *Dement* v. *Rokker,* 126 id. 191; *Edwards* v. *Dillon,* 147 id. 14; *Bristow* v. *James,* 7 Taunt. 257; *Byers* v. *Dobie,* 1 Hy. Bl. 236; *Ditchbaum* v. *Sproecklin,* 5 Esp. 31; *Doyle* v. *Dycus,* 3 B. & A. 611; *Rice* v. *Schute,* 5 Burr, 261; *Vernon* v. *Jeffreys,* 2 Strange, 1146; 1 Chitty's Pl. 4751.

Where a plea denying partnership or joint liability is not filed, the plaintiff is nevertheless bound to prove the case stated in the declaration; and if the plaintiff has stated a cause of action against two or more as partners, although the action is against one alone, the proof must establish a cause of action against all, the same as if all had been sued. *Cassady* v. *Trustees,* 105 Ill. 565; *Supreme Lodge* v. *Zuhlke,* 129 id. 303.

JAMES A. PETERSON, for defendant in error:

Actions against co-partners as defendants are joint and several. Hurd's Stat. 1893, sec. 3, chap. 76, p. 883; *Bank* v. *Ferry's Admrs.* 40 Ill. 255.

"In actions upon contracts, expressed or implied, against two or more defendants, as partners or joint obligors or payors, whether so alleged or not, proof of the joint liability or partnership of the defendants, or their

christian or surnames, shall not, in the first instance, be required to entitle the plaintiff to judgment, unless such proof shall be rendered necessary by pleading in abatement, or unless the defendant shall file a plea in bar denying the partnership or joint liability or the execution of the instrument sued upon, verified by affidavit." Practice act, sec. 35.

"Judgment shall not be arrested or stayed after verdict, nor shall any judgment upon verdict or finding by the court, or upon confession *nil dicit* or *non sum informatus,* or upon any writ of inquiry of damages, be reversed, impaired or in any way affected by reason of any of the following imperfections, omissions, defects, matters or things in the process, pleadings, proceedings or records, namely: \* \* \* Fifth, for any mispleading, insufficient pleading, lack of color, miscontinuance, discontinuance or misjoining of the issue or want of a joinder of the issue." Hurd's Stat. 1893, p. 143.

Mr. Justice Phillips delivered the opinion of the court:

While obtaining leave to strike out the common counts may be regarded as tantamount to a dismissal of those counts, a mere permission by the court to amend the other counts by striking out certain allegations and by inserting others in their stead did not, of itself, amount to an amendment of such counts. (*Ogden* v. *Town of Lake View,* 121 Ill. 422; *Wisconsin Central Railroad Co.* v. *Wieczorek,* 151 id. 579.) The additional counts then not being in fact amended, there was no error in refusing to allow the defendant to file the pleas tendered while the motion for a new trial was pending. Issues had already been formed upon the declaration as it then stood, and the application to file further pleas was an appeal to the discretion of the court, and a refusal to allow them to be filed was not such abuse of discretion as can be assigned for error. Besides, the additional counts not having been in fact

amended, there was nothing in the record to which the pleas tendered could apply. The common counts being out of the record, the case must be decided solely in view of the issues formed on the additional counts.

The proposition most strenuously insisted upon is, that the judgment should be reversed on account of the non-joinder of Samuel Sinsheimer as a party defendant. The rule is a familiar one that in actions *ex contractu* all parties jointly liable should be joined as defendants. But if a party who should have been joined is omitted it is well settled that the other defendants can take advantage of the non-joinder only by plea in abatement. If, however, it expressly appears on the face of the declaration or some other pleading of the plaintiff that the party omitted *is still living*, as well as liable jointly with the other defendants on the contract, the other defendants may demur, or move in arrest of judgment, or sustain a writ of error. (*Hamilton* v. *Buxton*, 6 Ark. 24; *McGregor* v. *Balch*, 17 Vt. 562; *Cabell* v. *Vaughan*, 1 Wms. Saund. 261, note; Chitty's Pl. 53; Gould's Pl. 258; Andrews' Stephens' Pl. 48.) If there was a liability on the part of this defendant, ther. it also appears on the face of this declaration that Samuel Sinsheimer was jointly liable with him as a member of the firm which is alleged to have purchased the goods sold.

It is a rule of law, in general, that a person is presumed to be alive until he is proved to be dead, unless seven years have elapsed since he was heard of, in which case there is a presumption of death. When, from the declaration, it appears there can be no presumption of death the presumption of life results. In a note to Chitty (p. 47) it is stated: "In general a person is presumed to be living until it be proved that he is dead, unless seven years have elapsed since he was heard of. (2 East, 313; 6 East, 85; 1 Saund. 235a, n. 8.) But this seems an exception; *sed quære.* See 2 Taunt. 256, 2 Anstr. 448, 3 id. 811, from which it should seem that if it appears in a dec-

laration, or in a *scire facias* at the suit of the king on a bond, that there were other joint contractors, though it be not averred that they be living, the declaration and *scire facias* will be deemed insufficient."

Gould on Pleading (p. 260, sec. 115,) says: "But in an action on contract, if it appears from the face of the declaration, or of any other pleading on the part of the plaintiff, that a person not made defendant in the suit was a joint contractor with the defendant, and that such person is still living, (as he must be presumed to be unless the contrary is alleged,) the non-joinder of him is a good ground of demurrer or motion in arrest of judgment, and (if judgment be given for the plaintiff) may assign for error, for in this case the pleading of the plaintiff himself shows that he has no right to recover in the suit as it is brought, and as the mistake appears on the record by his own showing, there is no need of the defendant's pleading it." The same author, on page 256, in discussing the relation of the plaintiff to a declaration, again states: "If in an action of debt, covenant broken or assumpsit brought by A alone, it appears from his own pleading that the contract was made with himself and B jointly, and that B is still living, (as he is presumed to be unless the contrary appears in the declaration,) the defendant may demur without reciting the contract, or may, after verdict, move in arrest of judgment or reverse a judgment against him on a writ of error, for in this case, as it appears from the plaintiff's own showing that he alone has no right of action, the defendant is not under necessity of showing the mistake by pleading the fact which has occasioned it."

In *Cummings* v. *People, for use, etc.* 50 Ill. 132, it was said (p. 135): "It is admitted, if the defendants in error had not alleged in their declaration that the defendants therein, together with Argo, executed the bond, the defendants would have been required to plead his non-joinder in abatement. But the fact appears on the face

of the declaration. A plea, therefore, was not necessary to bring it before the court. Why inform the court by plea of a fact which the plaintiff himself places on the record? This defect in the declaration could have been reached by general demurrer or by motion in arrest of judgment, and can now be availed of on error. Plaintiffs, by their own showing, inform the court there is another joint obligor, who has not been joined in the action. It was patent of record, and no plea was necessary to bring the fact before the court."

It was not required of defendant to plead in abatement the non-joinder of his co-partner, as the fact appeared on the face of the declaration. All persons who are partners in a firm at the time when a contract is made must be joined in an action to enforce payment, unless there be a legal excuse for not joining them. (*Page* v. *Brant*, 18 Ill. 37; *Pettis* v. *Atkins*, 60 id. 454; *Dement* v. *Rokker*, 126 id. 174; *Edwards* v. *Dillon*, 147 id. 14.) The rule is, the plaintiff must join as parties defendant all who are jointly liable upon the contract, and if he does not he cannot recover against any. (*Page* v. *Brant, supra.*) The fact of non-joinder appearing on the face of the declaration, the defendant may avail himself of that fact, on error, to defeat a right of recovery.

It was error for the circuit court of Cook county to enter judgment against the defendant, and the Appellate Court erred in affirming that judgment. This view of the case renders it unnecessary to discuss the other questions raised.

The judgments of the circuit court of Cook county and of the Appellate Court for the First District are each reversed, and the cause is remanded.

*Reversed and remanded.*