John W. Reeves et al., Appellees, v. Alexander Mercer et al., Appellants.

1. PRACTICE—*section 14 of Act construed.* Section 14 of the Practice Act giving the plaintiff the right to proceed to trial and judgment against one or more defendants served with summons and subsequent proceeding by *sci fa,* applies to resident as well as to non-resident defendants.

2. ALTERATION OF INSTRUMENTS—*when judgment competent.* Held, that the judgment offered in this case, notwithstanding a certain interlineation and erasure, was competent.

3. COSTS—*how proof of, may be made.* Held, in this case. that the admission of the fee book of the clerk wherein certain items of fees and costs were taxed, was competent; likewise, that parol testimony as to the payment of certain costs by one of the plaintiffs was properly admitted.

Action in debt. Appeal from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed March 30, 1910.

WILLIAM MUMFORD, and WILLIAMS & WILLIAMS, for appellant.

A. G. CRAWFORD and J. W. STAUFFER, for appellees.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

At the April term, 1897, of the circuit court of Pike county, Minerva Reeves and John Reeves recovered a judgment in trespass against Alexander Mercer, John Morath, Charles Liehr, Robert Chapman, Charles Tucker and Henry Harris for the sum of $140, together with costs of suit amounting to $304.50 as taxed by the clerk in the fee book. Joseph White and William Todd were also made parties defendant in said suit but were dismissed out of the case before judgment. Subsequent to the entry of said judgment Minerva Reeves, one of said judgment creditors, died and letters of administration on her estate were issued to John W. Reeves. The action in the case at bar was in debt upon said judgment by John Reeves and John W. Reeves, as administrators of the estate of Minerva Reeves, deceased, against all of said judgment debtors except Robert Chapman, who was alleged in the declaration to have departed this life subsequent to the rendition of said judgment. Service of summons was had upon all of the defendants except Henry Harris, as to whom the summons was returned "not found." To the declaration the defendants, John Morath and Charles Liehr, filed their plea in abatement wherein they averred that the supposed judgment in the declaration mentioned if any such there was, was and is a pretended judgment against said defendants impleaded with Alexander Mercer, Charles Tucker, Henry Harris and Robert Chapman, all of whom except said Robert Chapman were then living; that said Henry Harris then resided in the city of Springfield, Sangamon county, Illinois, and that he had not been served with process of sum-

mons, and that plaintiffs had not attempted to obtain such service upon him; that said Robert Chapman departed this life before the commencement of said action leaving him surviving six children, reciting their names and places of residence; that all of said children were then living and that neither nor any of said children is named as defendant in said action. The defendants also filed their pleas of *nul tiel* record and of payment. A demurrer interposed by the plaintiffs to said plea in abatement was sustained by the court, and upon the filing by the plaintiffs of their replications to the pleas of *nul tiel* record and payment the cause proceeded to trial by jury, who returned a verdict finding the issue for the plaintiffs, for the sum of $389.26, being $309.15 debt and $80.11 damages. From the judgment entered on said verdict the defendants, John Morath and Charles Liehr, have prosecuted this appeal. .

It is first urged on behalf of the appellants that the demurrer to the plea in abatement was improperly sustained because Henry Harris, although a joint obligor under the judgment upon which this action was predicated, was made a party defendant to the action, he was not served with process and, therefore, no judgment could properly be entered against the other defendants who were served with process, and further, because the children and heirs at law of Robert Chapman, the deceased co-obligor, were not made parties defendant in said action.

Section 14 of the present Practice Act, which is identical with section 9 of the former Practice Act is as follows:

"If a summons or *capias* is served on one or more, but not on all the defendants, the plaintiff may proceed to trial and judgment against the defendant or defendants on whom the process is served, and the plaintiff may at any time afterwards have a summons, in the nature of *scire facias*, against the defendant not served with the first process, to cause him to appear in said

court and show cause why he should not be made a party to such judgment; and upon such defendant being duly served with such process, the court shall hear and determine the matter in the same manner as if the defendant had been originally summoned or brought into court, and such defendant shall also be allowed the benefit of any payment or satisfaction which may have been made on the judgment before recovered, and the judgment of the court against such defendant shall be that the plaintiff recover against such defendant, together with the defendant in the former judgment, the amount of his debt or damages, as the case may be.''

The insistence by appellant that this section of the Practice Act is only applicable to cases in which the joint obligor not served with process of summons is a non-resident of the state, is wholly unwarranted. There is nothing in the language of the section quoted which authorizes such construction. This section of the Practice Act was construed by the court in Sherburne v. Hyde, 185 Ill. 580.

It affirmatively appears from the declaration that Robert Chapman, one of the co-obligors, had died prior to the commencement of the suit, and as no presumption can be indulged that his children and heirs acquired through him by descent or devise any lands, tenements or hereditaments, or any rents or profits out of same, and the plea filed by the defendants did not aver such facts, said children of Robert Chapman were not necessary parties defendant. Whether or not the said children of Robert Chapman would have been necessary parties defendant if the facts above mentioned had been shown to exist, we do not deem it necessary to determine. It is clearly inferable from what is said in Sinsheimer v. Skinner Manf. Co., 165 Ill. 116, that where one of several joint debtors is not living when an action is brought to recover the debt, neither the personal representative nor the heirs of the deceased joint debtor are necessary parties defendant.

It is next urged that the court improperly admitted in evidence the record of the judgment sued on because there appeared thereon without any explanation certain interlineations and erasures in material matters. The only matter specifically called to our attention relates to the erasure of the names, Joseph White and William Todd, from the title of the cause wherein the judgment was entered, and the record of the proceedings in said cause sufficiently explains the reason for the insertion and subsequent erasure of the names of said persons in the title of the cause. There was no error in admitting the record of the judgment in evidence.

It is further urged that the trial court erred in admitting in evidence the fee book wherein was entered by the clerk the various items of fees and costs taxed as costs in said cause, and in admitting the parol testimony as to the payment of certain costs by John Reeves, one of the plaintiffs in said suit, and also in admitting parol evidence for the purpose of showing which of the witnesses designated in the fee book as being entitled to *per diem* and mileage were summoned on behalf of the plaintiff in said suit. The several entries in the fee book follow under a caption properly entitling the cause, with a recital of its pendency at the November term 1896. While the judgment in said cause was entered June 9, 1897, it appears from the record that said cause was pending in the circuit court of Pike county at the November term 1896, and we do not regard the manifest clerical error in entitling the cause in the fee book as of the November term 1896, of sufficient importance as affecting the substantial right of the parties, to merit discussion. It appeared from an entry in the fee book that all costs, except the witness fees of John A. Reid, were paid by the plaintiff, John W. Reeves, on June 4, 1904, and that the sheriff's fees for service of summons and subpoenas had been paid to the then sheriff. The clerk in entering up the

names of the witnesses who had been subpoenaed in said cause, together with the *per diem* and mileage to which each of said witnesses was entitled, had failed to designate in said fee book which witnesses were subpoenaed on behalf of the plaintiffs and which witnesses had been subpoenaed on behalf of the defendants, and for the purpose of ascertaining the amount of the plaintiff's costs in said cause, which they were entitled to recover as a part of the judgment in the case at bar, the court permitted the introduction of parol testimony as to which of said witnesses were subpoenaed on behalf of the plaintiffs. The costs in said cause were taxed by the clerk at $304.50 and the action of the court in permitting such parol testimony to be introduced operated to the benefit of the defendants and the appellants are in no position to complain of such action.

Appellees have assigned cross-errors upon certain rulings of the trial court, but as the record discloses no objection and exception to such rulings, such cross-errors are not properly preserved for review.

There is no substantial error in the record and the judgment of the circuit court will be adrmed.

*Affirmed.*